# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 90-229E |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| **ROBERT BRACE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently pending before the Court in the above-captioned case are several motions, including Plaintiff's motion to enforce a prior consent decree and for stipulated penalties, ECF No. 206, as well as Defendants' cross-motions to vacate the consent decree, deny the stipulated penalties, and obtain relief from judgment, ECF Nos. 215, 220 (collectively, the "Consent Decree Motions"). On June 20, 2018, after the foregoing Consent Decree Motions were filed, Defendants filed a Motion for Additional Time for Scientific Discovery to Allow Defendants an Adequate, Fair and Just Defense. ECF No. 237. The purpose of this motion was to allow Defendants an opportunity to retain a hydraulic engineering expert who would conduct an onsite inspection of the property at issue in this litigation and render a report concerning same. *Id.* Although Plaintiff disputed the relevance of the requested discovery, Defendants considered it to be pertinent, if not crucial, to a just resolution of the underlying Consent Decree Motions at ECF Nos. 206, 215, and 220.

On October 24, 2018 the Court held a telephonic hearing concerning Defendants' request for the additional expert discovery. ECF No. 256. In the interim, Defendants had prophylactically retained their expert and submitted his report to Plaintiff on September 17, 2018. ECF No. 248. By Order entered on October 24, 2018, the Court ruled that Defendants

1

could utilize their newly acquired expert report and, to that end, the Court gave Defendants until December 7, 2018 to redraft their submissions relative to the pending motions at ECF Nos. 206, 215, and 220; in addition, the Court gave Plaintiff until December 14, 2018 to advise the Court whether it wanted to depose Defendants' expert and/or refile any submissions of its own relative to ECF Nos. 206, 215, and 220. The Court indicated that it would administratively close this case and stay the pending motions until December 7, 2018, when the case will be reopened.

Most recently, Defendants have filed a Consent Motion to Extension of Time to Complete Discovery to Redraft Submissions. Therein, Defendants seek to extend their deadline for the filing of their redrafted submissions to December 21, 2018. Defendants request the extension "[d]ue to the volume of Defendants' prior pleadings and Plaintiff's responses." ECF No. 262, ¶3. Plaintiff consents to this motion, but only if it can receive a three-week extension of its own deadline (or until January 7, 2019) for purposes of advising the Court of the status of its briefing and whether additional expert discovery is necessary.

After consideration of the Defendants' consent motion, the Court is inclined to grant the extension. Nevertheless, the Court notes that the Defendants' supplemental briefing will likely change the complexion of the parties' arguments and may well compel the need for additional discovery on the part of the Plaintiff. In order to ensure that the record is both clear and comprehensive as it relates to the Consent Decree Motions, the Court will dismiss the pending Consent Decree Motions without prejudice to be reasserted in light of the new expert discovery and briefing. Accordingly, the following Order is entered:

AND NOW, this 7th Day of December, 2018, based upon the foregoing reasons, IT IS HEREBY ORDERED that Defendants' consent motion for extension of time (ECF No. [262]) is

GRANTED, and IT IS FURTHER ORDERED that the motions filed at ECF Nos. [206], [215], and [220] are DISMISSED without prejudice to be reasserted by the parties as follows:

1. Defendants may refile their Motion to Vacate Consent Decree and to Deny Stipulated Penalties and their Motion for Relief from Judgment, together with any supporting briefs and exhibits, on or before January 14, 2019.

2. Plaintiff will advise the Court, no later than January 28, 2019, whether it seeks to depose Defendants' expert or whether, alternatively, it intends to proceed on the basis of the evidentiary record as it stands.

3. In the event that Plaintiff declines to pursue further discovery, Plaintiff shall refile, on or before February 11, 2019, its Motion to Enforce Consent Decree, along with any supporting briefs and exhibits, and its responses to Defendants' motions to vacate the consent decree and to obtain relief from judgment.

4. The parties' briefs should be comprehensive and should stand on their own without any incorporation of prior arguments made to the Court; however, in submitting their respective exhibits, the parties may incorporate by reference those exhibits previously filed by directing the Court to the relevant "ECF No." where the exhibit may be found.

5. Further briefing orders will be issued in due course, as appropriate.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge